# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

JOSEPH W. MAY                                                                                      PLAINTIFF
ADC #100355

V.                                        NO: 1:13CV00113 JM/HDY

JOHN MAPLES, JR. *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Joseph W. May, an inmate who is currently incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on December 5, 2013, alleging that his restraints were applied too tightly in a March 19, 2013, incident.

On October 10, 2014, Defendants Alfredo Ant'e, Paul Burnside, Chad Davis, Calvin Ford, Antonio Garcia, John Maples, Jr., and Trevor Stevenson ("Defendants"), filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #56-#58). Plaintiff filed a response, brief in support, and statement of facts on October 28, 2014 (docket entries #60-#62).[1]

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] On February 28, 2014, Plaintiff's claims against Defendants Richard L. Guy, Audrey Weekly, Christopher T. Budnik, Jonathan Pickering, James Hill, Ryan Hennessey, Richard Riker, Betty Hutchinson, Aric Simmons, and Jana Crowell, were dismissed without prejudice at Plaintiff's request (docket entry #32).

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to the complaint, on March 19, 2013, Burnside and Ant'e came to his cell to escort him to a medical appointment. The hand restraints were applied too tightly, and Plaintiff asked Burnside several times to loosen the cuff, but Burnside would not. When Plaintiff was returned to his cell, the handcuffs malfunctioned, the key jammed in the left handcuff, and Burnside could not get the cuff to open, or get the key out. Burnside struggled with the key for several minutes, and Stevenson then tried for several more minutes to open the cuff. Stevenson eventually broke the key, and Burnside and Stevenson left to get someone to cut the cuff off. Before he left, Stevenson cuffed Plaintiff to a door, and Plaintiff was subjected to ridicule from other inmates for about 15 minutes before Rizer, Garcia, Davis, and Ford, arrived with bolt cutters to cut off the handcuff. Plaintiff experienced pain and numbness in his arm and fingers, and the bolt cutters exacerbated the discomfort. After the restraints were removed, Rizor called for the medical staff to

examine Plaintiff.  Plaintiff contends the incident violated his Eighth Amendment right to be free from the use of excessive force (docket entry #26).  Plaintiff also asserts that Maples took too long to respond to his grievance (docket entry #57-1, page #12).

Ant'e, Burnside, Davis, Ford, Garcia, Maples, and Stevenson, argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as to Ford, Stevenson, and unserved Defendant Ricky Jeffrey, that Maples's allegedly slow grievance response is not actionable, and that Plaintiff's claim of tight handcuffing fails.

Exhaustion

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).  However, lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).  In support of their contention that Plaintiff failed to exhaust his administrative remedies as to Ford, Stevenson, and Jeffrey, Defendants assert that Plaintiff failed to name them in grievance GR-13-00488.  However, Stevenson and Ford were named in that grievance (docket entry #57-2, page #2), and the United States Court of Appeals for the Eighth Circuit has determined that failure to name Defendants can be a procedural deficiency, and prison officials' acceptance and resolution of a procedurally deficient grievance serves to establish proper exhaustion.  *See Bower v. Kelley*, 494 Fed.Appx. 718 (8th Cir. 2012) (unpublished per curiam).  Although other cases may suggest otherwise, *see Jones v. Hobbs*, No. 12-2002 (8th Cir., January 22,

2013)(unpublished per curim), under the circumstances here, Defendants have failed to meet their burden to demonstrate that Plaintiff failed to properly exhaust his administrative remedies as to Stevenson, Ford, and Jeffrey.

Excessive force

To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

When the factors set forth in *Whitley v. Albers* are applied to the facts of this case, it is clear that excessive force was not used. Although the cuffs may have been tight and caused some degree of pain, there is no evidence the handcuffs were applied maliciously and sadistically for the purpose of causing harm rather than in an effort to maintain prison security. Plaintiff testified that Burnside and Stevenson were trying to get the handcuffs off without hurting him, Ant'e was merely present, and Davis, Ford, Rizer, and Garcia, were the guards who came to cut off the handcuffs (docket entry #57-1, pages #13-#18).[2] Although the cutting process may have exacerbated the pain, Plaintiff's testimony indicates that Davis, Ford, Rizer, and Garcia, attempted to cut off the handcuffs with as little discomfort to Plaintiff as possible. There is no evidence of any effort to cause harm by any Defendant, and Rizer called for a medical evaluation immediately after the cuffs were removed (docket entry #57-1, page #19). While Plaintiff complained that his being chained to a door for 15

---

[2]Although he has been served, Rizer was not part of the motion. However, Rizer's role in the events was similar to that of Davis, Ford, and Garcia, and Plaintiff cannot establish a constitutional claim against him.

minutes amounted to cruel and unusual punishment, there is no indication that Defendants took that step for any reason other than to control Plaintiff while bolt cutters could be brought to remove the handcuffs.[3]

Plaintiff testified that he named Maples as a Defendant only because Maples took too long to respond to grievances. However, even the failure to respond to a grievance altogether is not a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Accordingly, Ant'e, Burnside, Davis, Ford, Garcia, Maples, and Stevenson, are entitled to summary judgment, and Plaintiff's claims against Rizer should be dismissed as well.

Other Defendants

Defendants Ricky Jeffrey and Marrie Petty remain unserved. Despite orders directing him to provide addresses at which Jeffrey and Petty could be served (docket entries #43 & #46), Plaintiff has not provided the addresses. Accordingly, Plaintiff's claims against Jeffrey and Petty should be dismissed. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (plaintiffs proceeding *in forma pauperis* are responsible for providing defendants' addresses), *cert. denied*, 510 U.S. 875 (1993); FED.R.CIV.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Alfredo Ant'e, Paul Burnside,

---

[3] Plaintiff testified that he was chained to the door to prevent him from being able to use the chain as a weapon (docket entry #57-1, pages #48 & #49).

Chad Davis, Calvin Ford, Antonio Garcia, John Maples, Jr., and Trevor Stevenson (docket entry #56) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendants Ant'e, Burnside, Davis, Ford, Garcia, Maples, Stevenson, and Rizer, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __5__ day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE